**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2333 No. 2:12-mn-00001-DCN |
| JENNIFER AND SCOTT MCGAFFIN, Plaintiffs, vs. MI WINDOWS AND DOORS, INC. Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 2:12-cv-02860-DCN **ORDER** |

This matter comes before the court on defendant MI Windows and Doors, Inc.'s (MIWD) motion to dismiss the amended complaint filed by Jennifer and Scott McGaffin (the McGaffins). For the reasons set forth below, the court grants the motion.

### I. BACKGROUND

The McGaffins filed a class action complaint in the United States District Court for the District of Kansas on July 23, 2012. The case was transferred to this court by order of the Judicial Panel on Multidistrict Litigation on October 3, 2012. On October 24, 2012, MIWD filed a motion to dismiss, which the court granted in part and denied in part on December 27, 2012. Specifically, the court dismissed the McGaffins' claims for unfair trade practices, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, and declaratory relief, but denied the motion to dismiss as to the McGaffins' claims for negligence and breach of implied warranties. In addition, the court granted in part and denied in part MIWD's motion to strike plaintiffs' request for equitable tolling

1

of all statutes of limitation based on fraudulent concealment, holding that the McGaffins cannot seek equitable tolling of the statute of limitations on their non-fraud-based claims. Order, Dec. 27, 2012, ECF No. 22 at 4-5, 15.

With leave of court, plaintiffs filed an amended class action complaint on January 10, 2013, asserting claims for breach of express warranty, negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, fraudulent concealment by silence, and declaratory relief. Plaintiffs again allege that "[d]efendant is estopped from relying on any statutes of limitation or repose by virtue of its acts of fraudulent concealment." Am. Compl. ¶ 71. On January 24, 2013, MIWD filed a motion to dismiss the amended complaint.

In their amended complaint, the McGaffins allege that their residence, built in 2008, has windows that "were installed prior to the purchase of their residence" and were designed, manufactured, and supplied by MIWD. Id. ¶¶ 3-4. The McGaffins further claim that MIWD warranted, marketed, and advertised that its windows were fit for their ordinary purposes and free from defects, but that the windows were in fact defective in design. Id. ¶¶ 5-7. The windows are allegedly "defective and fail to perform both at the Plaintiffs' residence and at class members' residences in that the Windows rely upon foam tape between the glass and the vinyl to prevent the intrusion of water," but "MIWD fails to install the foam tape in sufficient compression . . ., which results in premature foam tape performance failure." Id. ¶ 9. As a result of this alleged defect, the windows are claimed to permit "leakage resulting in the formation of mineral deposits, algae, and microbial growth at the location of the leaks, and consequential damages to other property, the adjoining finishes and walls of the residences." Id. ¶ 8.

## II.  STANDARDS

### A.  Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law.  See Jones v. United Parcel Serv., 674 F.3d 1187, 1195 (10th Cir. 2012).  For diversity cases that are transferred in a MDL, "the law of the transferor district follows the case to the transferee district."  Manual for Complex Litigation Fourth § 20.132.  Therefore, this court must apply Kansas substantive law and federal procedural law.

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  See Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."  Id. at 679.  A complaint must contain sufficient factual allegations in addition to legal conclusions.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3

face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "Facts pled that are 'merely consistent with' liability are not sufficient."  A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.  DISCUSSION

In its motion to dismiss, MIWD seeks dismissal of plaintiffs' claims for breach of express warranty, fraudulent concealment by silence, and declaratory relief.  MIWD further requests that the court strike plaintiffs' request for equitable tolling as it relates to any non-fraud-based claims.

**A.  Motion to Strike**

In their amended complaint, the McGaffins plead that MIWD is "estopped from relying on any statutes of limitation or repose by virtue of its acts of fraudulent concealment."  Am. Compl. ¶ 71.  This court has already ruled that under Kansas law, "fraudulent concealment can only toll a statute of limitations when a claim for relief is grounded on fraud."  Order, Dec. 27, 2012, ECF No. 22 at 4.

In response to MIWD's motion to strike the allegation, plaintiffs state that they "are not seeking to assert equitable tolling for their claims that are non-fraud based."  Pls.' Resp. Opp'n 9.  In reply, MIWD agrees this issue is "moot."  Def.'s Reply 7.  The court reiterates that plaintiffs may only seek equitable tolling on a viable fraud-based cause of action.  In the event that plaintiffs file a second amended complaint, the court orders that any allegations relating to fraudulent concealment and equitable tolling be written to conform to the court's rulings.

### B. Breach of Express Warranty

MIWD next moves to dismiss the McGaffins' claim for breach of express warranty.

In their amended complaint, the McGaffins allege as follows:  MIWD contracted with retailers, suppliers, and/or contractors to sell windows that were to be installed at the McGaffins' and other class members' residences.  Am. Compl. ¶ 74.  MIWD expressly warranted and represented that the windows were fit for their intended use, free from defects, conformed with Kansas building codes, and conformed with certain industry standards.  Id. ¶¶ 76-77.  Plaintiffs were "intended third party beneficiaries" of the contracts to sell windows.  Id. ¶ 75.  MIWD's representations "became part of the basis of the bargain" when plaintiffs purchased their home containing the windows.  Id. ¶ 75.  As a result of the defects in the windows, MIWD breached its express warranty.  Id. ¶¶ 81-85.

MIWD does not dispute that its express warranty extends to the McGaffins.  See Kan. Stat. Ann. § 84-2-318 ("A seller's warranty whether express or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty.").  Instead, MIWD argues that the McGaffins fail to satisfy the basis of the bargain requirement for bringing a breach of express warranty claim.  See id. § 84-2-313(a) ("Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."); Olathe Mfg., Inc. v. Browning Mfg., 915 P.2d 86, 94 (Kan. 1996) (noting the "basis of the bargain" requirement).

In their amended complaint, plaintiffs fail to allege any facts showing that they knew of or relied on MIWD's express warranty prior to purchasing their home containing the allegedly defective windows. Thus, plaintiffs have failed to state a claim for breach of express warranty. See Voelkel v. Gen. Motors Corp., 43 F.3d 1484 (10th Cir. 1994) (applying Kansas law) (affirming trial court's entry of summary judgment to seller on claim for breach of express warranty because "plaintiff has not shown that any statement in the sales manual became 'part of the basis of the bargain' for his purchase of the automobile"); Brand v. Mazda Motor Corp., 978 F. Supp. 1382, 1390 (D. Kan. 1997) (noting requirement that buyer must know of a representation prior to purchase for it to become part of the basis of the bargain); Cricket Alley Corp. v. Data Terminal Sys., Inc., 732 P.2d 719, 721 (Kan. 1987) (finding that plaintiff submitted sufficient evidence showing existence of express warranty where jury could have concluded that defendant's advertisements that its products could communicate with certain other products induced plaintiff's president to visit showroom where he saw a display showing the products communicating, after which he purchased product); see also Walsh v. MI Windows & Doors, Inc., No. 12-2238, 2012 WL 4761435, at *4 (D.S.C. Oct. 3, 2012) (dismissing breach of express warranty claim where "amended complaint fails to allege any facts that demonstrate that [plaintiff] or other class members read, heard, saw, or even knew of MIWD's express warranty before they purchased homes containing MIWD windows.").

For these reasons, the court dismisses the McGaffins' claim for breach of express warranty.

### C. Fraudulent Concealment by Silence

MIWD next moves to dismiss the McGaffins' cause of action for fraudulent concealment by silence, arguing that this claim is not pled with the requisite particularity.

In Kansas, to bring a claim for fraudulent concealment or "fraud by silence," the plaintiff must allege that: (1) the defendant had knowledge of material information the plaintiff could not have discovered through reasonable diligence; (2) the defendant had a duty to communicate the information to plaintiff; (3) the defendant deliberately failed to communicate the information; (4) the plaintiff justifiably relied on the defendant to communicate the information; and (5) the plaintiff was injured as a result of the failure to communicate. See Burton v. R.J. Reynolds Tobacco Co., 397 F.3d 906, 910 (10th Cir. 2005).

The court previously dismissed plaintiffs' fraudulent concealment by silence claim[1] for failure to "plausibly show that MIWD had a duty to communicate information to plaintiffs, which is the required second element of a fraudulent concealment claim." Order, Dec. 27, 2012, ECF No. 22 at 11. The McGaffins ask that the court reconsider this ruling.

A duty to disclose arises where a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party, has a legal duty to disclose information material to the bargain. Plastic Packaging Corp. v. Sun Chem. Corp., 136 F. Supp. 2d 1201, 1205 (D. Kan. 2001). Courts in Kansas generally hold that a duty to speak based on "special knowledge" arises because of a contractual relationship. See Ensminger v. Terminix Int'l Co., 102 F.3d 1571, 1574 (10th Cir. 1996); Plastic

---

[1] The court interpreted plaintiffs' previous "fraudulent concealment" claim as one for "fraud by silence." See Order, Dec. 27, 2012, ECF No. 22 at 11.

Packaging, 136 F. Supp. 2d at 1205.  The McGaffins fail to allege that MIWD "kn[ew] that [plaintiffs were] about to enter into the transaction under a mistake as to such facts, and that [plaintiffs], because of the relationship between them, the customs in the trade, or other objective circumstances, would reasonably expect a disclosure of such facts." OMI Holdings, Inc. v. Howell, 918 P.2d 1274, 1300 (Kan. 1996).  As noted in the court's prior order, the McGaffins do not allege that they entered into a contractual relationship with MIWD.  They fail to plead "with particularity" the circumstances giving rise to MIWD's duty to speak and failure to do so.[2]

For these reasons, the court dismisses plaintiffs' claim for fraudulent concealment by silence.

**D.  Declaratory Relief**

Finally, MIWD seeks to dismiss the McGaffins' claim for declaratory relief.  The court previously dismissed this claim, holding that "[s]uch relief would be inappropriate at this stage, as the merits of the McGaffins' substantive claims have not been adjudicated."  Order, Dec. 27, 2012, ECF No. 22 at 15.  In response to MIWD's motion, plaintiffs "voluntarily withdraw without prejudice" their declaratory relief claim.  Pls.' Resp. Opp'n 9.  Therefore, this issue is moot.

---

[2] Plaintiffs rely on State ex rel. Stephan v. GAF Corp., 747 P.2d 1326 (Kan. 1987), to support its contention that MIWD had a duty to disclose material information to plaintiffs that they could not have discovered through reasonable diligence.  In GAF, the Kansas Supreme Court upheld a trial court's jury instruction that a fraudulent concealment by silence claim requires a showing that "[t]he defendant was under an obligation to communicate the true state of facts to the plaintiff." Id. at 1329.  In fleshing out this requirement, the court stated, "'Where one party to a *contract or transaction* has superior knowledge . . ., he is under a legal obligation to speak, and his silence constitutes fraud . . . .'"  Id. at 1330 (emphasis added) (quoting Wolf v. Brungardt, 524 P.2d 726 (Kan. 1974)).  GAF does not save the McGaffins' claim but rather reiterates the requirements listed above for bringing a fraudulent concealment by silence claim.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** plaintiffs' claims for breach of express warranty and fraudulent concealment by silence.  Plaintiffs shall have leave to file a second amended complaint within fourteen days of the filing of this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 9, 2013**
**Charleston, South Carolina**